UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREANDIS MARQUA JAMISON,

       Petitioner,

                                     Case No. 17-cv-10035

v.                                Honorable Denise Page Hood

THOMAS MACKIE,

       Respondent.
_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR A STAY [2],
DIRECTING THE CLERK OF COURT TO
SERVE THE PETITION AND THIS ORDER ON THE STATE,
AND DIRECTING THE STATE TO FILE A RESPONSIVE PLEADING**

This matter has come before the Court on petitioner Treandis Marqua Jamison's *pro se habeas* corpus petition and motion to hold the habeas petition in abeyance. For the reasons given below, the Court will deny Petitioner's motion to hold his habeas in abeyance and order the State to file an answer to the habeas petition.

**I. Background**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of six counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, one count of conspiracy to commit first-degree murder, Mich.

Comp. Laws § 750.157a, Mich. Comp. Laws § 750.316(1)(a), six counts of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and one count of carrying a concealed weapon, Mich. Comp. Laws § 750.227. On September 5, 2012, the trial court sentenced Petitioner to imprisonment for 258 months to 840 months on the assault and conspiracy convictions, two years for the felony firearm convictions, and 40 to 60 months on the concealed weapon conviction.

In an appeal as of right, Petitioner challenged the sufficiency of the evidence for his conspiracy and assault convictions. The Michigan Court of Appeals determined that the evidence was sufficient to establish Petitioner's guilt. The Court of Appeals then affirmed Petitioner's convictions, but remanded his case to the trial court for correction of an error in the judgment of sentence. *See People v. Jamison*, No. 312460, 2014 WL 1679126 (Mich. Ct. App. Apr. 24, 2014). On September 29, 2014, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue presented to it. *See People v. Jamison*, 497 Mich. 869; 853 N.W.2d 375 (2014) (table).

Petitioner subsequently filed a motion for relief from judgment in state court and a federal habeas corpus petition in this Court. His only ground for habeas relief was that the evidence was insufficient to sustain his assault and conspiracy convictions. He sought a stay, however, so that he could pursue state remedies for

several additional claims. United States District Judge Marianne O. Battani denied the motion for a stay and dismissed the habeas petition without prejudice. *See Jamison v. Berghuis*, No. 15-cv-10338 (E.D. Mich. Mar. 25, 2015). The trial court subsequently denied Petitioner's motion for relief from judgment, and the Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's decision. On October 26, 2016, the Michigan Supreme Court denied leave to appeal because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Jamison*, 500 Mich. 880; 886 N.W.2d 434 (2016) (table).

Finally, on January 3, 2017, Petitioner filed the instant habeas corpus petition and motion to hold the habeas petition in abeyance. The habeas petition raises the following claims, which Petitioner allegedly raised on direct appeal and in his motion for relief from judgment: (1) the evidence was insufficient to support Petitioner's convictions for assault with intent to commit murder and conspiracy to commit murder; (2) the trial court arraigned Petitioner without first acquiring subject matter jurisdiction; (3) the trial court omitted some jury instructions; (4) the trial court failed to control the proceedings when it did not ensure that the jury was properly instructed; (5) the prosecution failed to protect Petitioner's rights when it allowed the trial to proceed without first ensuring that the trial court had subject-matter jurisdiction and that Petitioner's jury was properly instructed; (6) Petitioner

was denied counsel at a critical stage when counsel (a) refused to object to the trial court proceeding without subject-matter jurisdiction, (b) refused to object to the court's failure to control the proceedings, and (c) refused to object to prosecutorial misconduct; and (7) appellate counsel abandoned Petitioner on direct appeal.

In his pending motion, Petitioner seeks to have the Court hold his habeas petition in abeyance while he exhausts state remedies for one additional claim. The new claim alleges that a key witness has claimed responsibility for the shooting which resulted in Petitioner's convictions. Petitioner alleges that he raised this issue in a motion for relief from judgment, which he filed in state court at the same time that he filed his habeas petition in this Court.

## II. Discussion

State prisoners are required to exhaust their remedies in state court before raising their claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). But the state court's docket indicates that the state trial court has already denied Petitioner's second motion for relief from judgment. *See People v. Jamison*, No. 2012-241693-FC (Oakland Cty. Cir. Ct. Feb. 16, 2017). And this Court has found no record of an appeal from the trial court's decision to the Michigan Court of Appeals or the Michigan Supreme Court. The Court therefore finds it unnecessary to stay this case. Petitioner's motion to hold his habeas petition in abeyance (ECF No. 2) is denied.

The Court orders the Clerk of the Court to serve the habeas petition and a copy of this order on the Michigan Attorney General and on Petitioner's warden at the Oaks Correctional Facility in Manistee, Michigan. The Court orders the State to file a response to the habeas petition and the relevant portions of the state court record within ninety (90) days of the date of this order. Petitioner shall have forty-five (45) days from the date of the State's responsive pleading to file a reply.

Dated: July 12, 2017    s/Denise Page Hood
Chief, U.S. District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2017, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager